IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT
OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| JAMES E. BRAGG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:12-CV-0085 |
| ) | JURY DEMAND |
| FLUOR DANIEL SERVICES ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff James E. Bragg, individually and on behalf of all similarly situated individuals, for their cause of action against the Defendant Fluor Daniel Services Corporation states as follows:

### PARTIES

1. The Plaintiff James E. Bragg is a citizen and resident of Cannon County, Tennessee.

2. The Defendant Fluor Daniel Services Corporation is a Delaware Corporation registered and doing business in Tennessee and may be served through its registered agent for service of process, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.

### JURISDICTION AND VENUE

3. This is a suit brought pursuant to the Fair Labor Standards Act. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b).

1

## ALLEGATIONS OF FACT

5. The Defendant Fluor Daniel Services provides maintenance services for General Mills in food production in Murfreesboro, Rutherford County, Tennessee. Fluor Daniel has employees in several states and local management takes its directions from a central office in Greeneville, South Carolina. The Defendant is therefore engaged in commerce or in the production of goods for commerce and is within the purview of the Fair Labor Standards Act. The Defendant has two or more employees engaged in commerce and have an annual gross volume of business not less than $500,000.00.

6. Plaintiff Bragg and all similarly situated individuals who subsequently file consent forms to become party plaintiffs to this litigation are employees within the meaning of 29 U.S. C. § 203(e).

7. The Defendant was the employer of Plaintiff Bragg, as well as those who may file consent forms to become plaintiffs, as defined by 29 U.S.C. § 203(b).

8. The Plaintiff and all other employees of the Defendant work in an environment involving food production which requires standards of cleanliness. As a consequence, employees are required to report to work in street clothes, to change their clothing to previously approved apparel, and at the end of the day of work to change their clothing again, leaving the approved clothing at the place of work.

9. The time spent required by Defendant for employees to change clothes is a practice and requirement closely related to the employees' principle activities within the work place and are deemed by the Defendant as indispensable to the performance of its duties for General Mills.

10. The Defendant, despite its policy, practice, and custom of requiring employees to change their clothing at the work place and to remove their clothing before departing, has refused to compensate them for the time required for the task, which typically required thirty (30) minutes per day.

2

11.     Defendant Fluor Daniel failed to pay for this time for many years until on or about June, 2011, when the policy was corrected.

12.     When employees questioned this practice, they were told that because two fifteen minute breaks were allowed during the day, the company was not required to pay for the time worked. Because the Defendant was confronted with a violation of the law and failed or refused to remedy it until June, 2011, its conduct was intentional.

13.     As a consequence of this intentional violation of the law, the Defendant withheld from Plaintiff and similarly situated persons wages for approximately thirty (30) minutes of work time per day for a number of years, greater than three (3) years prior to the filing of this Complaint. Because employees routinely worked overtime, most if not all of these hours should have been compensated at time and one half pursuant to law.

14.     Also as a consequence of Defendant Fluor Daniel's willful violation of the Fair Labor Standards Act by the Defendant, the named Plaintiff, as well as those who subsequently file consent forms to become Plaintiffs, are entitled to all damages available under the FLSA which include, but may not be limited to, all unpaid wages, overtime wages, liquidated damages, attorney's fees, and prejudgment interest as set forth in 29 U.S.C. § 216(b).

## COLLECTIVE ACTION

15.     Because of the Defendant's violation of the FLSA and pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action individually as an employee and on behalf of other employees similarly situated.

16.     Plaintiff requests that the Court find that this action should proceed as a collective action pursuant to 29 U.S.C. § 216(b), and that in furtherance of that proceeding, that this Court approve

an appropriate Notice to be sent to all similarly situated individuals to fully apprise them of their rights under this action.

## THE CLAIMS OF EMPLOYEES SIMILARLY SITUATED

17. Hourly wage employees of the Defendant perform services within two structures in Murfreesboro for General Mills and Yoplait. The job assignments vary but include persons described as "technicians." Whether these employees perform duties related to forklifts, refrigeration, HVAC units, serve as planners or lead men or otherwise, each and every employee is required to report to a locker room at the place of work: to change into clothing required for sanitation purposes by the employer; to work exclusively in such apparel; to return to the locker room at the end of the shift; to change from the company-required clothing into personal wear; and to leave such clothing for cleaning by the employer.

18. Prior to June of 2011, such employees were deprived of compensation for the time required for this task. Plaintiff Bragg was among such employees.

19. All hourly wage employees who were required to change as described and who were not compensated for their time are victims of a common discriminatory scheme perpetrated through a common policy or plan in violation of the law and are therefore "similarly situated" within the meaning of the Fair Labor Standards Act.

## PRAYERS FOR RELIEF

**WHEREFORE**, premises considered, Plaintiff prays that the Court find as follows:

1. That the Plaintiff is authorized to and can provide notice to all similarly situated individuals;

2. That all similarly situated past and/or present employees of the Defendant Fluor Daniel be given the opportunity to join in this lawsuit as party plaintiffs by filing written consents pursuant to 29 U.S.C. § 216(b);

4

3.  That the Plaintiff and each other employee who may choose to join in this action be awarded damages for all unpaid back wages and overtime pursuant to 29 U.S.C. § 216(b);

4.  That Plaintiff and each other employee who chooses to join in this action be awarded liquidated damages in an amount equal to the unpaid wages and overtime as provided by law;

5.  That Plaintiff and each other employee that chooses to join this action be awarded reasonable attorney's fees and all costs and expenses incurred in the prosecution of this action as allowed by the FLSA, pursuant to 29 U.S.C. § 216(b);

6.  That Plaintiff and all other employees who choose to join in this action be awarded prejudgment interest;

7.  That Plaintiff and other employees who choose to join in this action be awarded such other, further, general, and/or equitable relief to which they may be entitled; and,

8.  That a jury be in panel to determine all issues so triable.

*Respectfully* submitted,

CHAFFIN, BURNSED & BLACKBURN, PLLC

_____
W. GARY BLACKBURN (#3484)
The Fridrich Building
2909 Poston Avenue, First Floor
Nashville, TN 37203
Telephone: (615) 254-7770
Facsimile: (615) 460-7484
Email: gblackburn@cbblegal.com
*Attorney for Plaintiff James E. Bragg*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing **FIRST AMENDED COMPLAINT** has been sent via Email and U.S. Mail to the following:

Dianne Baquet Smith
Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA 90071-1422

Alonda W. McCutcheon
Bass, Berry & Sims LP
150 Third Avenue South
Suite 2800
Nashville, TN 37201

on this the 9th day of February, 2012.

W. Gary Blackburn
Chaffin, Burnsed & Blackburn PLLC
2909 Poston Road, Suite 100
Nashville, TN 37203

6