IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| **JAMES E. BRAGG,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FLUOR DANIEL SERVICES CORPORATION,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 3:12-CV-0085**<br><br>**District Judge:**<br>**Hon. Kevin H. Sharp**<br><br>**Magistrate Judge:**<br>**Hon. John S. Bryant** |

# ORDER GRANTING APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

WHEREAS, this action is pending before this Court as a Fair Labor Standards Act ("FLSA") collective action (the "Action"); and

WHEREAS, Plaintiffs' Counsel has applied to this Court for an order approving the settlement of the Action in accordance with a Stipulation and Settlement Agreement of FLSA Collective Action Claims (the "Stipulation" or "Settlement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Stipulation, and all terms defined therein shall have the same meaning in this Order as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of this litigation pending before the Honorable Kevin H. Sharp of the United States District Court for the Middle District of Tennessee at Nashville ("District Court"), Case No. 3:12-CV-0085, James E. Bragg v. Fluor Daniel Services Corporation, and over all Parties to this litigation, including all Potential Plaintiffs.

3. For purposes of this litigation, Defendant Fluor Daniel Services Corporation is referred to as "Fluor."

4. The Court hereby orders that the FLSA claims asserted in this action may proceed as a Collective Action for settlement purposes only.

5. James E. Bragg is hereby appointed and designated, for all purposes, as the representative of the Collective Action ("Named Plaintiff").

6. The following attorney is hereby appointed and designated as counsel for the Collective Action ("Plaintiffs' Counsel"):

W. Gary Blackburn
Law Offices of W. Gary Blackburn
213 Fifth Avenue N.
Nashville, TN 37219
Phone: 615-254-7770
Fax: 866-895-7272

Plaintiffs' Counsel is authorized to act on behalf of all Potential Plaintiffs [as defined in the Parties' Joint Stipulation of Settlement] with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement. Any Potential Plaintiff may enter an appearance through counsel of such individual's own choosing and at such individual's own expense. Any Potential Plaintiff who does not enter an appearance or appear on his or her own will be represented by Plaintiffs' Counsel.

7. This Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, adequate and reasonable especially in the light of the benefits to the Potential Plaintiffs accruing therefrom, the investigation conducted by the Parties into the facts and applicable law, and the complexity, expense, risks and probable protracted duration of further litigation relating to liability and damages issues. The Court further finds that the Parties have conducted extensive research and counsel for the Parties are able to reasonably evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs by all Parties, as well as avoid the delay and risks that would be presented by the further prosecution of the Action. The Court finds that the Settlement has been reached as a result of serious and non-collusive arms length negotiations, and that it is a fair and reasonable resolution of a *bona fide* dispute reached as a result of contested litigation. The Court hereby orders the Parties to effectuate the Settlement according to its terms.

8. The Court hereby approves, as to form and content, the Notice and Claim Form annexed as Exhibits 1 and 2 to the Stipulation. The Court finds that the distribution of the Notice

and Claim Form substantially in the manner and form set forth in the Stipulation and this Order meets the requirements of due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Court hereby appoints Rust as Claims Administrator and hereby directs the Claims Administrator to mail or cause to be mailed to Potential Plaintiffs the Notice and Claim Form by first class mail within twenty (20) days after the close of the Class Period (the "Notice Date") using the procedures set forth in the Stipulation. Potential Plaintiffs who wish to participate in the settlement provided for by the Stipulation must complete and return the Claim Form pursuant to the instructions contained therein by first class mail or equivalent, postage paid, within forty-five (45) days of the Notice Date in order to become "Settlement Collective Members."

10. The Court hereby approves the claims made process as described in the Stipulation.

11. As of the individual Release Dates (as provided in Paragraph C of the Stipulation), each and every Released Claim of each individual Settlement Collective Member is and shall be deemed to be conclusively released as against the Released Parties, and Settlement Collective Members are forever barred and enjoined from prosecuting Released Claims against the Released Parties.

12. The Court hereby awards Plaintiffs' Counsel attorneys' fees and costs ("Fees Award") in an amount not to exceed one-third of each Settlement Collective Members' Gross Settlement Award, or a maximum amount of Twenty Six Thousand Six Hundred Sixty-Seven Dollars and Seventy Nine Cents ($26,667.79) if all Potential Plaintiffs opt-in to the settlement and become Settlement Collective Members. The Court finds this Fees Award fair, adequate and reasonable under the circumstances. Plaintiffs' Counsel shall not be entitled to any other award

of attorneys' fees or costs in any way connected with this Action.

13. The Court also approves the payment of claims administration expenses to Rust in the amount of $7,057.

14. Any separate appeal from the portion of this Judgment as to the Fees Award or Incentive Award shall not operate to terminate or cancel the Stipulation or otherwise affect the finality of this Judgment.

15. After administration of the Settlement has been completed in accordance with the Stipulation and all amounts calculated, and in no event later than 120 days after the Check Mailing Date, the Claims Administrator shall file a report with this Court certifying compliance with the terms of the Settlement.

16. The Court finds that the Stipulation is in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims against Fluor. The Stipulation and Settlement are not an admission by Fluor or any of the other Released Parties, nor is this Judgment a finding of the validity of any claims in the Action or of any wrongdoing by Fluor or any of the other Released Parties. Neither this Judgment, the Stipulation, nor any document referred to herein, nor any action taken to carry out the Stipulation is, may be construed as, or may be used as an admission by or against Fluor or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Stipulation, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Fluor or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Fluor or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Stipulation, or any related agreement or release. Notwithstanding these restrictions, any of the

Released Parties may file in the Action or in any other proceeding the Judgment, Stipulation, or any other papers and records on file in the Action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

17. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties and their Counsel shall revert to their respective positions existing immediately prior to the date they entered into the Stipulation.

18. The Court hereby dismisses the Action on the merits and with prejudice against the Named Plaintiff and all Potential Plaintiffs in favor of Fluor and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Stipulation. The Court expressly intends this FLSA Approval Order to be "Final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

Dated: August 10, 2012

Kevin H. Sharp
United States District Court Judge